NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GLORIA ANDERSON, | |
| Plaintiff, | Civil Action No. 11-07620 (JAP) |
| v. | OPINION |
| MERCER COUNTY SHERIFF'S DEPT., JOHN A. KEMLER, RICHARD PIOTROWSKI, SCOTT SCHOELLKOPF, DARRYL TAYLOR, DONALD PATUKULA, CHARLES WERTS, CAROL NOLAN, SETH BARTON, COUNTY OF MERCER, STATE OF NEW JERSEY, and ANDREW MAIR | |
| Defendants. | |

PISANO, District Judge.

Plaintiff Gloria Anderson brought this case on December 30, 2011, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e); the Civil Rights Act of 1871, 42 U.S.C. § 1983; the New Jersey Law Against Discrimination, N.J.S.A. 10:15; and the Conscientious Employee Protection Act, N.J.S.A. 34:19.  The Complaint also alleges breach of a collective bargaining agreement and emotional distress.  Seth Barton, John A. Kemler, Andrew Mair, Carol Nolan, Donald Patukula, Richard Piotrowski, Scott Schoellkopf, Darryl Taylor, the County of Mercer, the Mercer County Sheriff's Department, and Charles Werts ("the Mercer County Defendants") filed a Motion to Dismiss on February 16, 2012.  The State of New Jersey also moved to dismiss the Complaint against them on March 14, 2012.  Plaintiff opposes both Motions, and has informally moved to amend her Complaint.  The Court decides the matter

without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the State's Motion shall be granted, and the Mercer County Defendants' Motion shall be denied in part and granted in part.

I.      **Factual Background**

The following allegations are summarized from the Complaint, and must be taken as true in deciding this Motion to Dismiss.  Plaintiff Gloria Anderson has been employed as a Sherriff's Officer by the Mercer County Sherriff's Department since 1992.  She is a member of the P.B.A. Local 187 Labor Union, and alleges that she has earned and maintained an exemplary work record and reputation.  Plaintiff has spent the majority of her employment—approximately twelve years—as Sheriff's Officer for the Child Support Hearing Officers at the Mercer County Courthouse in Trenton, New Jersey.  Her Complaint alleges various incidents of racial discrimination and retaliation in connection with this employment.

The first incident began on September 24, 2009, when a fellow officer, Christopher Corbin, allegedly called Plaintiff an "offensive name in a disdainful and demeaning manner" during working hours and in the presence of other Mercer County employees.  The Plaintiff contends that this incident reflected "a pattern of insulting behavior," and that she immediately reported it to the sergeant on duty and requested an investigation.  According to the Complaint, the investigation was referred to a friend of Officer Corbin's, Sergeant Donald Patukula, who did not conduct an investigation or take any corrective action.  The Plaintiff wrote a memorandum to Lieutenant Patricia Samonski about this incident, but received no response.  She later wrote a letter to Sheriff Kevin Larkin complaining of the same incident.  She added to this letter an additional grievance, alleging that the Sheriff's Department denies certain employment benefits

2

and opportunities to African-American employees, while granting them to white employees.  The Plaintiff alleges that she was discouraged from pursuing her complaints or retaining counsel by Officer Linda Olenick, Sergeant Carol Nolan, and Undersheriff Tobolski.

Plaintiff filed complaints with the Equal Employment Opportunity Commission and the New Jersey Division on Civil Rights in December 2010.  Shortly thereafter, she was transferred to a different courthouse, despite the written objection of the Child Support Hearing Officers and her own request to remain in her assignment.  On January 11, 2010, the Plaintiff filed a grievance against the Mercer County Sheriff's Department, alleging that her transfer was discriminatory and in retaliation for her complaints, and repeating her allegations that she and other non-white colleagues were subject to discriminatory treatment.  The grievance was denied by Lieutenant Schoellkopf later that month, and the Plaintiff requested a hearing.  The Mercer County Administrator, Andrew Mair, wrote to the president of Plaintiff's union stating that he would schedule a hearing, but none was scheduled.

The Plaintiff raises several allegations with regard to her new assignment at the criminal courthouse.  First, she alleges that she developed a serious medical condition as a result of exposure to asbestos.  Second, she alleges that, in July 2011, she found a "distasteful" and revealing photograph of a woman on her desk.  When she complained to her immediate supervisor, Sergeant Seth Barton, he instructed her to write a memorandum.  The Plaintiff claims that she was subsequently intimidated and discouraged from pursuing her claim by Sergeants Patukula and Nolan.  She ultimately was charged with making a "false statement" and subject to a disciplinary hearing in November 2011.  These charges were dropped in December.  Finally, the Plaintiff alleges that she and other non-white employees continue to be denied certain employment opportunities and benefits such as overtime and special assignments.  She claims

that white male officers with less seniority have been given priority in receiving certain assignments, and that the denial of her requests has been retaliatory.

The Plaintiff filed this Complaint on December 30, 2011.  The first Count claims that the Defendants violated Title VII of the Civil Rights Act of 1964 by systematically denying Plaintiff special training, assignments, and overtime in favor of white employees.  In the Second Count, the Plaintiff claims that the Defendants further violated Title VII by retaliating against her for her complaints.  The Third Count alleges that this same pattern of discrimination and retaliation deprived her of her rights under the First, Fifth, and Fourteenth Amendments, in violation of 42 U.S.C. § 1983.  The Fourth Count claims that these same acts, in addition to the creation of a hostile working environment, violated the New Jersey Law Against Discrimination.  The Fifth Count claims that the Defendants violated the New Jersey Conscientious Employee Protection Act by transferring Plaintiff from her long-term assignment to a medically unsafe building, by filing disciplinary charges, and by "persistently harassing" her.  The Sixth Count alleges that the Defendants breached the collective bargaining agreement with Plaintiff's union by failing to follow the grievance procedure.  Finally, the Seventh Count alleges emotional distress.

## II.     The Motions to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  In deciding a Motion to Dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true.  *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).  All reasonable inferences must

be made in the Plaintiff's favor. *Nami v. Fauver*, 82 F.3d 63 (3d Cir. 1996); *Oshiver v. Levin, Fishbien, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994).

In 2007, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). The *Twombly* Court stated that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007). More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. The State's Motion to Dismiss

Neither the State of New Jersey, nor any agency or agent of the State, is listed as a Defendant in the Complaint. The factual allegations do not involve employees or representatives of the State, but rather of Mercer County. The Plaintiff argues in her opposition that the State of New Jersey can be held vicariously liable for the actions of the Mercer County Defendants, but has provided no legal support for that contention. Mercer County is not an agent of the State. *See* N.J.S.A. § 59:8-3 (defining "local public entity" as "a public entity other than the state"); *Wade v. N.J. Turnpike Auth.*, 132 N.J. Super. 92 (N.J. 1975) (explaining the difference between the statutory terms "public entity" and "state"). Furthermore, all counties in New Jersey have waived sovereign immunity for tort claims under the Eleventh Amendment, N.J.S.A. § 40:18-3, whereas no such waiver applies to claims brought against the State. *Ryans v. New Jersey Comm'n for the Blind*, 542 F. Supp. 841 (D.N.J. 1982).

The Complaint contains no "factual content that allows the court to draw the reasonable inference that [the State] is liable for the misconduct alleged." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010).  As the Plaintiff has failed to state any claim against the State of New Jersey, the State's Motion to Dismiss will be granted.  The Plaintiff's informal application to amend her pleadings to include the State in the caption shall be denied as futile, because she has yet failed to offer any amendments that would connect her factual allegations to the State.

### B.  The County Defendants' Motion to Dismiss

The Mercer County Defendants move to dismiss for failure to state a claim on several grounds.  The first is their contention that the Complaint as a whole "is so general that it is nearly impossible for defendants to ascertain what allegations pertain to them."  They assert that the Complaint does not meet the standard under Rules 12(b)(6) and 8(a) as set forth by the Supreme Court in *Iqbal* and *Twombly* because it "consists of legal conclusions, generalities and naked assertions without factual support."  The Court does not agree with Defendants that the Complaint lacks sufficient factual allegations.  Particularly in light of the relaxed pleading standards afforded pro se litigants, any deficiencies in Plaintiff's Complaint do not rise to the level of warranting dismissal.

As an initial matter, the Complaint is not lacking in specific factual allegations.  The above summary is drawn entirely from the Complaint, which describes actions taken by specifically-named Defendants.  Thus, the *Twombly* and *Iqbal* analysis, which pertains to legal conclusions without factual support, is not quite applicable here.  Defendants are correct, however, that the Complaint lacks some clarity as to the connection between the factual

6

allegations and the legal claims.  The factual allegations are presented in a chronological narrative format, and the Counts refer to those facts generally rather than specifically enumerating the facts supporting each claim.  Thus, while the factual allegations are levied against specific Defendants, it is not always clear which actions and Defendants correspond to which legal claims.  It is unlikely that every legal cause of action set forth in the Complaint applies to the actions of each individual Defendant.

However, any confusion engendered by this pro se Plaintiff's Complaint is not enough to warrant a complete dismissal.  A pro se complaint may only be dismissed for failure to state a claim where it is "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Milhouse v. Carson*, 652 F. 2d 371, 373 (3d Cir. 1981); *see also Swierkiewicz v. Sorema*, 534 U.S. 506, 513 (2002).  The Complaint apprises the Defendants of the actions they are alleged to have taken, and the Counts contain enough information for the Defendants to determine which allegations correspond to each statutory provision.  Furthermore, the Plaintiff will be permitted to amend her Complaint in order to clarify which elements of each cause of action are met by each of those actions.

The only Count that will be dismissed in its entirety is Plaintiff's emotional distress claim.  Although she seeks to amend her pleading to add the word "intentional," she has failed to even list the elements of intentional infliction of emotional distress.  Although the Defendants have not shown that the Plaintiff "can prove no set of facts" to support most of her claims, her claim of intentional infliction of emotional distress is perfunctory and lacks any connection to the individual Defendants or the facts pled.  Thus, it is unreasonably difficult for the Defendants to determine how their alleged actions correspond to the elements of the tort, and thereby to defend against Plaintiff's claim. Therefore, Count Seven will be dismissed without prejudice to the

Plaintiff's ability to amend her pleading to allege that the actions of specifically-named Defendants meet the elements of an intentional infliction of emotional distress claim.

### 1. The Title VII claims against individual employee Defendants

The Defendants contend that Counts One and Two should be dismissed against all individual Defendants because they were not included in Plaintiff's EEOC charge. The Third Circuit has held, in accordance with the great weight of authority from other courts of appeal, that individual employees cannot be held liable under Title VII. *Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996); *Dici v. Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996). Thus, Counts One and Two will be dismissed as to Defendants John A. Kemler, Richard Piotrowski, Scott Schoellkopf, Darryl Taylor, Donald Patukula, Charles Werts, Carol Nolan, and Seth Barton. The Court need not address the Defendants' argument that the Plaintiff should have included these Defendants in her EEOC charge.

### 2. CEPA waiver of related state-law claims

The Defendants argue that Plaintiff's CEPA claim operates to waive Counts Two and Seven of her Complaint, because the institution of an action under CEPA waives any related state-law claims. N.J.S.A. 34:19-8; *Young v. Schering Corp.*, 275 N.J. Super. 221, 238 (N.J. App. Div. 1994), *aff'd* 141 N.J. 16 (N.J. 1995). A CEPA claim requires a showing that the plaintiff (1) reasonably believed that the employer's conduct violated either a law or rule, (2) performed whistle-blowing activity, (3) suffered an adverse employment action, and (4) can demonstrate that the whistle-blowing caused the employment action. *Young v. Schering Corp.*, 141 N.J. 16 (N.J. 1995). CEPA further provides that "the institution of an action in accordance with this act shall be deemed a waiver of the rights and remedies available under any other

8

contract, collective bargaining agreement, State law, rule or regulation or under the common law." N.J.S.A. 34:19-8. Thus, any state law causes of action that are "directly related" to the adverse employment action "due to disclosure of the employer's wrongdoing" are deemed waived by the institution of a CEPA action. *Young*, 275 N.J. Super. at 238 (citing *Casper v. Paine Webber Group, Inc.,* 787 F. Supp. 1480, 1509 (D.N.J. 1992); *Catalane v. Gilian Instrument Corp.,* 271 N.J. Super. 476, 493, 638 A.2d 1341 (N.J. App. Div. 1994).

The Defendants argue that Counts Two and Seven are related claims that may not go forward along with her CEPA claim. Although Count Two is substantively related to CEPA, it cannot be waived by the institution of an action under CEPA; Title VII is a federal cause of action, and thus does not fall under CEPA's waiver provision. As to Count Seven, the Defendants have not shown that Plaintiff's emotional distress claim is necessarily related to the allegations of retaliation. Plaintiff may be precluded from claiming emotional distress as it relates to the alleged retaliatory adverse employment actions that provide the basis for her CEPA claim, but not as to the alleged discrimination that gave rise to her original grievances. Causes of action that are substantially independent from CEPA are not waived. *Young*, 141 N.J. at 25 ("Statutes in derogation of the common law . . . are to be construed narrowly.") (citing *Oswin v. Shaw*, 129 N.J. 290, 310 (N.J. 1992)); *Id.* at 26 ("The passage of [CEPA] would be weakened or compromised if it would foreclose a legitimate cause of action arising from the same underlying factual circumstances but, nonetheless, not include or involve the retaliatory conduct that is essential to the CEPA claim."). The Court will dismiss Count Seven on other grounds as described above, but will not dismiss it with prejudice at this time.

9

### 3. The CEPA statute of limitations

The Defendants further argue that the CEPA claim must be dismissed as time-barred, because the last adverse employment action alleged took place on January 4, 2010, whereas the Complaint was filed on December 30, 2011.  However, the retaliatory transfer of January 4, 2010, was not the only adverse employment action alleged by the Plaintiff.  The Plaintiff alleged ongoing "harassment" and a retaliatory disciplinary proceeding that occurred throughout the latter half of 2011.  The Defendants' contention that these allegations are not serious enough to warrant relief under CEPA raise questions of fact that would be inappropriate for the court to consider in a Rule 12(b)(6) motion.  Thus, the CEPA claim will not be dismissed as time-barred.

### 4. The breach of the collective bargaining agreement claim

All suits for violation of collective bargaining agreements are governed by federal law, because Congress intended that the scope of obligation in labor contracts in or affecting interstate commerce be uniform.  *Teamsters Local 174 v. Lucas Flour Co.*, 369 U.S. 95 (1962).  The Supreme Court has held that the preemptive effect of Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), is so powerful that it displaces even well-pleaded state causes of action that do not mention Section 301 or labor contracts, but that depend for their resolution on interpreting such contracts or are founded directly on labor contract rights.  *Id.*; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394-95 (1987).  Section 301 preemption does not result in outright dismissal of the state-law claim.  Rather, the Court must treat the claim as though it had been pled under Section 301.  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,  463 U.S. 1, 22-24 (1983); *Avco Corp. v. Machinists, Lodge 735*, 376 F.2d 337, 339-340 (6th Cir. 1997), *aff'd*, 390 U.S. 557 (1968).

A suit brought pursuant to Section 301 must generally attempt to exhaust any grievance and arbitration remedies provided for in a collective bargaining agreement. *Republic Steel Corp.* v. *Maddox*, 379 U.S. 650, 652 (1965). However, exhaustion may be excused where: (1) the employer's conduct amounts to repudiation of contractual procedures; or (2) the grievance procedure is controlled by the union, and the employee has been prevented from exhausting her contractual remedies by the union's wrongful refusal to process her grievance. *Vaca v. Sipes*, 386 U.S. 171, 185 (1986). The Plaintiff has argued in her opposition papers that both of these exceptions to the exhaustion requirement apply, and her Complaint alleges facts that clearly support these exceptions. Therefore, her Section 301 claim will not be dismissed at this time.

### 5. The claims against Andrew Mair

The Mercer County Defendants assert that the Complaint fails to state a claim against Andrew Mair, the Mercer County Administrator. The only specific factual allegations involving Mr. Mair are that "he wrote a letter to the President of Plaintiff's union P.B.A. Local 187 stating that he would schedule a hearing," and that this hearing was never scheduled. The Defendants contend that this does not state a claim against Mr. Mair because he is not an employee of the Mercer County Sheriff's Department, and because it does not demonstrate that he violated any of Plaintiff's rights.

Indeed, Plaintiff has failed to state a claim against Mr. Mair under Title VII because he is not an employee of the Mercer County Sheriff's Department. *Guyette v. Stauffer Chemical Co.*, 578 F. Supp. 521, 525-26 (D.N.J. 1981) (non-supervisory employees lack sufficient authority over the plaintiff to be considered his employer and to be held responsible for any unlawful employment practice); *Tompkins v. Public Service Electric & Gas Co.*, 568 F.2d 1044, 1046 (3d

11

Cir. 1977) (to state a claim under Title VII, one must prove that the condition complained of was imposed or created by the employer). Even if he were an employee, as explained above, the Third Circuit has rejected individual employee liability under Title VII. The facts alleged against him also do not appear to relate to the Plaintiff's Section 1983, NJLAD or CEPA claims. Therefore, Counts I, II, III, IV, and V will be dismissed as to Defendant Andrew Mair.

However, one of Plaintiff's claims is breach of the collective bargaining agreement. As explained above, this claim is construed as brought pursuant to Section 301 of the LMRA. The Plaintiff alleges that she was thwarted from exhausting her administrative remedies pursuant to this agreement because Andrew Mair did not initiate the second step of the grievance procedure. The Defendants do not claim that Mr. Mair had no such responsibility under the agreement, and do not otherwise explain their contention that the Plaintiff's factual allegations against him do not "substantiate a cause of action" listed in the Complaint. Furthermore, the Court must liberally construe Plaintiff's allegations at this stage in the litigation. In her opposition papers, Plaintiff elaborates on her allegation that Mr. Mair was responsible under the collective bargaining agreement for initiating proceedings that never occurred. Although Plaintiff may include these more detailed allegations in her amended Complaint, the Court finds that they are unnecessary to survive the Defendants' Motion to Dismiss.

### 6. Arguments raised in the reply brief

The Mercer County Defendants have raised several arguments for the first time in their reply brief, to which Plaintiff has had no opportunity to respond. These arguments are without merit or inappropriate to address at this time. For example, the new arguments urging dismissal of Plaintiff's CEPA claim raise issues of fact that would be premature to address at this stage in

the litigation. However, the Defendants also raised the possibility that there is, in fact, a pending EEOC investigation of Plaintiff's claims. The Plaintiff attached a right-to-sue letter from the EEOC to her Complaint, and all parties have accordingly been operating as though she had exhausted her administrative remedies—at least as to the defendants and claims named in her EEOC charge. Aside from the new EEOC letter that the Mercer County Defendants attach to their reply brief, no parties have presented further evidence or argument as to the potential existence of an EEOC investigation. Plaintiff is in undisputed possession of a right-to-sue letter from the EEOC, and the Court cannot dismiss the case due to her failure to exhaust administrative remedies absent further briefing or agreement between the parties as to the existence of a pending EEOC investigation.

### III. The Plaintiff's informal Motion to Amend

The Plaintiff has made informal Motions to Amend within her oppositions to each Motion to Dismiss, and has attached proposed Amended Complaints as required by Local Civil Rule 7.1(f). As noted above, this Motion will be denied as futile insofar as it seeks to add the State of New Jersey to the caption and elaborate on any allegations against the State. However, the Plaintiff will be permitted to amend her Complaint consistent with this Opinion.

### IV. Conclusion

For the foregoing reasons, the Plaintiff has failed to state a claim against the State of New Jersey, and the State's Motion to Dismiss will be granted with prejudice. The Mercer County Defendants' Motion will be granted in part and denied in part. Count Seven will be dismissed, without prejudice to the Plaintiff's ability to amend her Complaint to elaborate upon the elements of an intentional infliction of emotional distress claim and the factual support thereof. Because

Title VII actions may not lie against individual employees, Counts One and Two will be dismissed as to Defendants John A. Kemler, Richard Piotrowski, Scott Schoellkopf, Darryl Taylor, Donald Patukula, Charles Werts, Carol Nolan, and Seth Barton. The allegations against the remaining individual Defendant, Andrew Mair, are insufficient to state a claim as to every Count save breach of the collective bargaining agreement. Therefore, Counts One, Two, Three, Four, and Five will be dismissed as to Defendant Andrew Mair. An appropriate Order follows.

                                                    /s/ Joel A. Pisano
                                                    JOEL A. PISANO
                                                    United States District Judge

Dated: June 15, 2012