NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GLORIA ANDERSON, | |
| Plaintiff, | Civil Action No. 11-07620 (JAP) |
| v. | **OPINION** |
| MERCER COUNTY SHERIFF'S DEPT., JOHN A. KEMLER, RICHARD PIOTROWSKI, SCOTT SCHOELLKOPF, DARRYL TAYLOR, DONALD PATUKULA, CHARLES WERTS, CAROL NOLAN, SETH BARTON, COUNTY OF MERCER, STATE OF NEW JERSEY, and ANDREW MAIR | |
| Defendants. | |

PISANO, District Judge.

Plaintiff Gloria Anderson filed an Amended Complaint in this case on July 16, 2012, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e); the Civil Rights Act of 1871, 42 U.S.C. § 1983; the New Jersey Law Against Discrimination, N.J.S.A. 10:15; and the Conscientious Employee Protection Act, N.J.S.A. 34:19. The Amended Complaint also alleges breach of a collective bargaining agreement and violations of the Labor Management Relations Act, 29 U.S.C. § 185(a). Defendants Seth Barton, John A. Kemler, Carol Nolan, Donald Patukula, Richard Piotrowski, Scott Schoellkopf, Darryl Taylor, the Mercer County Sheriff's Department, and Charles Werts (the "Sheriff Defendants") filed a Motion to Dismiss on July 30, 2012. Defendants County of Mercer and Andrew Mair (the "Mercer County Defendants") also moved to dismiss the Complaint against them on July 30, 2012. Plaintiff

1

opposes both Motions. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Sheriff Defendants' Motion shall be granted in part and denied in part, and the Mercer County Defendants' Motion shall be granted.

**I.        Factual Background**

The following allegations are summarized from the Complaint, and must be taken as true in deciding this Motion to Dismiss.[1] Plaintiff Gloria Anderson has been employed as a Sheriff's Officer by the Mercer County Sheriff's Department since 1992. She is a member of the P.B.A. Local 187 Labor Union, and alleges that she has earned and maintained an exemplary work record and reputation. Plaintiff has spent the majority of her employment – approximately twelve years – as Sheriff's Officer for the Child Support Hearing Officers at the Mercer County Courthouse in Trenton, New Jersey. Her Complaint alleges various incidents of racial discrimination and retaliation in connection with this employment.

The first incident began on September 24, 2009, when a fellow officer, Christopher Corbin, allegedly called Plaintiff an "offensive name in a disdainful and demeaning manner" during working hours and in the presence of other Mercer County employees. Plaintiff contends that this incident reflected "a pattern of insulting behavior," and that she immediately reported it to the sergeant on duty and requested an investigation. According to the Amended Complaint, the investigation was referred to a friend of Officer Corbin's, Sergeant Donald Patukula, who did not conduct an investigation or take any corrective action. Several weeks later, Plaintiff wrote a memorandum to Lieutenant Patricia Samonski about this incident, but received no response. She later wrote a letter to Sheriff Kevin Larkin complaining of the same incident and lack of

---

[1] *See Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996).

investigation. She added to this letter an additional grievance, alleging that the Sheriff's Department denies certain employment benefits and opportunities to African-American employees, while granting them to white employees. The Plaintiff alleges that she was discouraged from pursuing her complaints or retaining counsel by Officer Linda Olenick, Sergeant Carol Nolan, and Undersheriff Tobolski.

Plaintiff filed complaints with the Equal Employment Opportunity Commission and the New Jersey Division on Civil Rights in December 2009. Shortly thereafter, she was transferred to a different courthouse, despite the written objection of the Child Support Hearing Officers and her own request to remain in her assignment. On January 11, 2010, the Plaintiff filed a grievance against the Mercer County Sheriff's Department, alleging that her transfer was discriminatory and in retaliation for her complaints, and repeating her allegations that she and other non-white colleagues were subject to discriminatory treatment. The grievance was denied by Lieutenant Schoellkopf later that month, and Plaintiff requested a hearing. The Mercer County Administrator, Andrew Mair, wrote to the president of Plaintiff's union stating that he would schedule a hearing, but none was scheduled.

The Plaintiff raises several allegations with regard to her new assignment at the criminal courthouse. First, she alleges that she developed a serious medical condition as a result of exposure to asbestos and had to undergo years of treatment. Second, she alleges that, in July 2011, she found a "distasteful" and revealing photograph of a woman on her desk. When she complained to her immediate supervisor, Sergeant Seth Barton, he instructed her to write a memorandum. The Plaintiff claims that she was subsequently intimidated and discouraged from pursuing her claim by Sergeants Patukula and Nolan. She ultimately was charged with making a "false statement" and subject to a disciplinary hearing in November 2011. These charges were

dropped in December.  Finally, the Plaintiff alleges that she and other non-white employees continue to be denied certain employment opportunities and benefits such as overtime and special assignments.  She claims that white male officers with less seniority have been given priority in receiving certain assignments, and that the denial of her requests has been retaliatory.

Plaintiff filed a Complaint in this Court on December 30, 2011.  The first Count of the original Complaint claims that Defendants violated Title VII of the Civil Rights Act of 1964 by systematically denying Plaintiff special training, assignments, and overtime in favor of white employees.  In the Second Count, Plaintiff claims that Defendants further violated Title VII by retaliating against her for her complaints.  The Third Count alleges that this pattern of discrimination and retaliation deprived her of her rights under the First, Fifth, and Fourteenth Amendments, in violation of 42 U.S.C. § 1983.  The Fourth Count claims that these same acts, in addition to the creation of a hostile working environment, violated the New Jersey Law Against Discrimination ("NJLAD").  The Fifth Count claims that the Defendants violated the New Jersey Conscientious Employee Protection Act ("CEPA") by transferring Plaintiff from her long-term assignment to a medically unsafe building, filing disciplinary charges, and "persistently harassing" her.  The Sixth Count alleges that Defendants breached the collective bargaining agreement with Plaintiff's union by failing to follow the grievance procedure.  Finally, the Seventh Count alleges emotional distress.

By Order dated June 15, 2012, the Court dismissed Counts One and Two against the individual defendants and Counts One, Two, Three, Four and Five against Defendant Mair.  The Court also dismissed Count Seven against all Defendants, but granted Plaintiff leave to amend the Complaint to elaborate upon her emotional distress claim (Count Seven) and add other factual allegations in support of her claims.  On July 15, 2012, Plaintiff filed an Amended

Complaint. The Amended Complaint reiterates Counts One through Six from the original Complaint and does not include an emotional distress claim, which Plaintiff appears to have abandoned. Instead, the Amended Complaint seeks to add two new counts. The Amended Count Seven alleges that newly-added Defendant P.B.A. Local 187 Labor Union violated the Labor Management Relations Act by refusing to continue with the grievance process and interrogating Plaintiff improperly.[2] Count Eight alleges that claims that the Defendants violated Title VII of the Civil Rights Act of 1964 by committing unlawful employment practices against Plaintiff on account of her gender. On July 30, 2012, the Sheriff Defendants and the Mercer County Defendants moved to dismiss the Amended Complaint.

## II.     Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. In deciding a Motion to Dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). All reasonable inferences must be made in the Plaintiff's favor. *Nami v. Fauver*, 82 F.3d 63 (3d Cir. 1996); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994).

In 2007, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). The *Twombly* Court stated that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

---

[2] P.B.A. Local 187 Labor Union was not named as a Defendant in the original Complaint.

will not do[.]"  *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007).  More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).  A *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Here, the Court construes Plaintiff's Amended Complaint liberally, as it is required to do, and finds that the Sheriff Defendants' Motion to Dismiss shall be granted in part and denied in part and the Mercer County Defendants' Motion to Dismiss shall be granted.

 **III.** **Legal Discussion**

  **A. The Sheriff Defendants' Motion to Dismiss**

The Sheriff Defendants move to dismiss for failure to state a claim on several grounds.  First, they assert that Plaintiff failed to amend her claim for intentional infliction of emotional distress and request that it now be dismissed with prejudice.  Next, they argue that certain of the Title VII allegations should be dismissed because Plaintiff failed to exhaust her administrative remedies prior to bringing suit.  The Sheriff Defendants further contend that Plaintiff's NJLAD claim should be dismissed for failure to state a claim against the individual Defendants and because her administrative proceedings have not terminated.  They argue that Plaintiff's § 1983

6

claim should be dismissed because Plaintiff does not have a property interest in training opportunities. They further contend that all claims against Defendant John A. Kemler should be dismissed since the Amended Complaint contains no allegations of any acts or omissions by Sheriff Kemler. The Sheriff Defendants argue that certain of Plaintiff's CEPA allegations are barred by the statute of limitations and in any event, Plaintiff has failed to state a claim of CEPA violations against the individual Defendants. Finally, the Sheriff Defendants contend that the claim for breach of a collective bargaining agreement should be dismissed because Plaintiff failed to exhaust her administrative remedies[3] and because certain Defendants are not parties to the collective bargaining agreement. The Court addresses these arguments below.

**1. The Emotional Distress Claim**

The Sheriff Defendants contend that Count Seven of the original Complaint – the emotional distress claim – should be dismissed with prejudice since Plaintiff was granted leave to amend this claim but failed to plead the specific facts supporting such a claim in her Amended Complaint. The Court agrees. Even construing Plaintiff's allegations liberally, as it is required to do, the Court finds that Plaintiff has not alleged sufficient facts in the Amended Complaint to support a claim for emotional distress against any of the Defendants. Nor has she asserted such a claim as one of her causes of action. Accordingly, Plaintiff's claim for intentional infliction of emotional distress against all Defendants is dismissed with prejudice.

**2. The Title VII Claims of Race Discrimination**

The Sheriff Defendants contend that all allegations of racially discriminatory conduct that took place after December 31, 2010 – the date of Plaintiff's EEOC charge – should be dismissed

---

[3] The Court previously rejected this argument in denying the Sheriff Defendants' earlier Motion to Dismiss. *See* dkt. entry no. 19. The Sheriff Defendants now request that the Court reconsider its prior decision.

for failure to exhaust.  The Court is not persuaded.  It is well-settled that an employee seeking to file a Title VII suit must first file a charge with the EEOC to attempt to resolve the dispute before beginning litigation.  *See, e.g., Atkinson v. Lafayette College*, 460 F.3d 447, 453 (2006); *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).  Following exhaustion of this administrative remedy, a plaintiff may initiate litigation in federal court.  Once a suit is brought, "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, *including new acts which occurred during the pendency of proceedings before the [EEOC]*."  *Mandel v. M&Q Packaging Corp.*, 2013 U.S. App. LEXIS 864, at *8 (3d Cir. 2013) (internal citations omitted and emphasis added).

Here, Plaintiff filed an EEOC charge on December 31, 2010, in which she alleged that she had been denied certain desired assignments and overtime as a result of her race and gender.  In her Amended Complaint, she alleges these same facts and further asserts that she experienced ongoing discrimination, including the denial of requested assignments, throughout the latter half of 2011 and into 2012.  The facts and circumstances surrounding her claim remain the same in the EEOC charge and the Amended Complaint.  Accordingly, the scope of Plaintiff's Title VII claim encompasses allegations of new conduct that occurred after she filed a charge with the EEOC on December 31, 2010 and Counts One and Two will not be dismissed.

### 3. Title VII Claims of Gender Discrimination

The Sheriff Defendants contend that Count Eight – the Title VII claim of gender discrimination – should be dismissed because these allegations were not included in Plaintiff's original Complaint.  Thus, they argue this claim is time-barred since Plaintiff did not bring suit

within 90 days of receipt of her right-to-sue letter from the EEOC.[4]  They further assert that the claim for gender discrimination should be dismissed as to the individual Sheriff Defendants because they are not liable for claims brought under Title VII.

Pursuant to Title VII, a civil action may be brought within ninety days after receiving a right-to-sue letter from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  The 90-day limitation "is akin to a statute of limitations rather than a jurisdictional bar."  *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239-40 (3d Cir. 1999).  The Supreme Court has established that when a court permits a plaintiff leave to amend her complaint, a statute of limitations "may be trumped by relating back when the subject of the amendment arises out of the same conduct, transaction, or occurrence described in the original pleading[.]"  *Mayle v. Felix*, 545 U.S. 644, 666 (2005).

Here, the main difference between Plaintiff's Complaint and the Amended Complaint in this respect is Count Eight, where Plaintiff seeks to add a cause of action for a Title VII claim of gender discrimination.  The facts and circumstances surrounding her claims remain the same in both Complaints, however.  Thus, the "conduct, transaction, and occurrence" surrounding Plaintiff's Amended Complaint are the same as the original Complaint.  In addition, the Court finds that the Sheriff Defendants are not prejudiced by the addition of gender discrimination allegations to the Amended Complaint because they had adequate notice of the claims.  *See Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978) (stating that in deciding whether leave to amend should be granted, the touchstone is whether the non-moving party would be prejudiced if the amendment is allowed).  Indeed, the

---

[4] The Sheriff Defendants initially argued that the gender discrimination claim should be dismissed since it was not included in Plaintiff's EEOC charge and Plaintiff had failed to exhaust her administrative remedies as to these allegations.  However, in opposition, Plaintiff attached a copy of her EEOC charge, which included an allegation of sex discrimination.  In response, the Sheriff Defendants argue that Plaintiff's original Complaint did not include allegations of gender discrimination and therefore, these claims are untimely.

9

Sheriff Defendants had notice of the gender discrimination claim as early as January 2011, when the EEOC sent Defendants a "NOTICE OF CHARGE OF DISCRIMINATION" and attached a copy of Plaintiff's EEOC charge, in which she alleged both race and gender discrimination. Thus, the Court finds that Plaintiff's Amended Complaint relates back to the date of the Complaint and Plaintiff's claim of gender discrimination is not time-barred.

However, the Third Circuit has held, in accordance with the great weight of authority from other courts of appeal, that individual employees cannot be held liable under Title VII. *Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996); *Dici v. Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996). Thus, Count Eight will be dismissed as to Defendants John A. Kemler, Richard Piotrowski, Scott Schoellkopf, Darryl Taylor, Donald Patukula, Charles Werts, Carol Nolan, and Seth Barton.

**4. The NJLAD claim**

The Sheriff Defendants contend that Count Four – the NJLAD claim for race and gender discrimination – should be dismissed because Plaintiff has elected to initiate administrative proceedings with the Division of Civil Rights ("DCR") on this claim, but these proceedings have not yet terminated. They further assert that the claim should be dismissed as to the individual Sheriff Defendants because they cannot be held liable for claims brought under NJLAD.

The NJLAD contains an "election of remedies" provision which bars an individual from bringing a judicial action while a DCR investigation on the same claim is pending or after the DCR has rendered a final determination. *See* N.J.S.A § 10:5-27. The election of remedies provision "basically seeks to prevent parties from having 'a second bite of the apple' by pursuing the alternative route to relief . . . . It seeks to prevent duplication of efforts and forum shopping." *Wilson v. Wal-Mart Stores*, 158 N.J. 263, 271 (1999) (citing *Ferrara v. Tappan Co.*, 722 F.

Supp. 1204, 1205 (D.N.J. 1989)).  Therefore, with the exception of appellate review, an individual who has received a final determination by the DCR will be barred from bringing any other action, in any forum, based on the same injury.  *See e.g.*, *Tummala v. Merck & Co.*, 1995 U.S. Dist. LEXIS 16920, at *11-12 (D.N.J. Nov. 9, 1995); *Harter v. GAF*, 150 F.R.D. 502, 513 (D.N.J. 1993).  A pending complaint before the DCR may be withdrawn at any time, provided that the DCR has not made a final determination.  *See Hernandez v. Region Nine Hous. Corp.*, 146 N.J. 645, 652 (1996).

While a plaintiff who has filed a complaint with the DCR may not be barred from bringing such a claim in federal court if the DCR has not begun an investigation or issued an administrative ruling, *see Wilson*, 158 N.J. at 271-72, it is not apparent in this case what the status of the DCR proceeding is.  Plaintiff states in her Opposition Brief that there has not been a final determination by the DCR, but does not provide any further details.  Because the DCR proceeding is still pending, Plaintiff is therefore barred from asserting claims under NJLAD and Count Four shall be dismissed without prejudice.  The Court does not need to address the argument that the Plaintiff cannot assert a NJLAD claim against the individual Sheriff Defendants and declines to do so at this time.

**5.  The § 1983 Claims**

The Sheriff Defendants argue that the Third Count – the § 1983 claim – should be dismissed because Plaintiff does not have a property interest in training opportunities.  They further argue that the claim should be dismissed against Defendant Morris County Sheriff's Department because there is no allegation that the Defendant had a custom or practice that caused a violation of Plaintiff's rights.  The Court agrees.

To state a cause of action under § 1983, a plaintiff must allege two elements: (1) a violation of a right secured by the Constitution or federal law; and (2) that the violation of that right was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). For a plaintiff to have a property interest in continued public employment, she "must have a legitimate claim of entitlement, not just a unilateral expectation." *Latessa v. N.J. Racing Comm'n*, 113 F.3d 1313, 1318 (3d Cir. 1997). State law governs whether a plaintiff has a property interest in the terms of her employment. *Kelly v. Borough of Sayreville*, 107 F.3d 1073, 1077 (3d Cir. 1997).

Here, Plaintiff alleges that Defendants, violated her due process rights under the Fourteenth Amendment of the U.S. Constitution by depriving her of training opportunities that would allow her to increase her salary, marketability and skills. Plaintiff's allegations, even construed liberally, do not rise to the level of an actual property interest under the law. Although she alleges that she was transferred to an assignment that she did not want and did not receive training opportunities that she had requested, Plaintiff retained her rank as Sergeant and Plaintiff has not alleged that her level of pay was reduced. Furthermore, though such conduct might violate other statutes, denying Plaintiff training opportunities or finding other ways to retaliate against her did not deprive Plaintiff of a property interest. Accordingly, Plaintiff has failed to state a claim for violation of § 1983 and Count Three shall be dismissed against all Defendants.

**6. Claims Against Defendant John Kemler**

The Sheriff Defendants contend that all claims against Defendant John Kemler because Plaintiff has failed to allege any specific facts regarding Sheriff Kemler's behavior that could give rise to a cause of action. The Court agrees. The only factual allegation regarding Sheriff Kemler in the Amended Complaint is Plaintiff's assertion that he is a "supervisor and

12

policymaker and decision maker for the Sheriff Department acting individually and under the color of state law." Even construing these allegations liberally, as it is required to do, the Court finds that Plaintiff's claims are insufficient to state a claim against Defendant Kemler. *See Twombly* 550 U.S. at 557 (Plaintiff must plead more than "naked assertion[s] devoid of further factual enhancement" to avoid dismissal). Accordingly, Plaintiff's claims against Defendant Kemler are dismissed with prejudice.

### 7. The Breach of the Collective Bargaining Agreement Claim

The Sheriff Defendants argue that they cannot be held liable for breach of contract because they are not parties to the collective bargaining agreement at issue. They further contend that the Court should reconsider its prior decision not to dismiss this claim on grounds that Plaintiff failed to exhaust her administrative remedies prior to bringing suit.

It is settled law that non-parties to a contract cannot be held liable for a breach of that agreement. *See FDIC v. Bathgate*, 27 F.3d 850, 876 (finding that non-parties to a contract cannot be found liable for breach of a contractual duty); *Figueroa v. City of Camden*, 580 F. Supp. 2d 390, 408 (D.N.J. 2008) (finding that employee of city fire department could not be held liable for breach of employment contract between plaintiff and fire department because the employee was not a party to the contract). "As a general rule an action on a contract cannot be maintained against a person who is not a party to it." *Id.* (citing *Comly v. First Camden Nat'l Bank and Trust Co.*, 22 N.J. Misc. 123, 127 (N.J. Sup. Ct. 1944).

Here, Plaintiff does not allege that any of the Sheriff Defendants are parties to the collective bargaining agreement. Moreover, the Court has reviewed the collective bargaining agreement that the Sheriff Defendants attached to the Opposition Brief and finds that none of the

13

Sheriff Defendants are parties to that agreement.[5] Therefore, they cannot breach the collective bargaining agreement and Count Six shall be dismissed against the Sheriff Defendants.

### 8. The CEPA Claim

Although the Court previously rejected the argument that Plaintiff's CEPA claim is time-barred in its entirety, the Sheriff Defendants now argue that allegations of acts that occurred prior to December 30, 2010 – one year before the Complaint was filed – are time-barred. They further contend that the CEPA claim should be dismissed against Defendants Kemler, Piotrowski, Schoellkopf, Taylor, Patukula, Werts, Nolan and Barton because Plaintiff has failed to allege that these Defendants committed the adverse actions with the consent or authorization of their employer.

A CEPA claim must be initiated within one year of the adverse action. *See* N.J. Stat. Ann. 34:19-5. However, the continuing violations doctrine "allows a plaintiff to pursue a claim for discriminatory conduct if he or she can demonstrate that each asserted act by a defendant is part of a pattern and at least one of those acts occurred within the statutory limitations period." *Smith v. Twp. of E. Greenwich*, 519 F. Supp. 2d 493, 505 (D.N.J. 2007) (citations omitted); *see also Matthews, Jr. v. The N.J. Inst. of Tech., et al.*, 2010 U.S. Dist. LEXIS 27182, at 11 (D.N.J. 2010) (applying the continuing violation doctrine to retaliation claim under CEPA and holding

---

[5] Although a Court's review on a motion to dismiss is typically limited to the allegations in the complaint, exhibits attached to the complaint and matters in the public record, the Court may consider the collective bargaining agreement since the contract is integral to Plaintiff's claims and she does not dispute its authenticity. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (finding that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff 's claims are based on the document. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.").

that acts that occurred outside the statutory limitations period were not time-barred because plaintiff alleged that hostile work environment continued through the present date).

Here, Plaintiff alleges that she suffered an adverse employment action in January 2010, when Defendants transferred her to another assignment, despite her request to remain in her prior position. She further alleges ongoing "harassment" and discriminatory treatment in the denial of employment opportunities and other benefits, as well as a retaliatory disciplinary proceeding that occurred throughout the latter half of 2011. Plaintiff's claims cannot be saved under the continuing violation theory, however, because an employer's reassignment is quintessentially a discrete employment action. *See Natl. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-115, (U.S. 2002) ("Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"). Likewise, retaliatory discipline actions are considered discrete employment actions. *See O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006) (following *Morgan* and discussing types of discrete acts that are not susceptible to the continuing violations doctrine, including "wrongful discipline" and "failure to promote"); *see also Gadson v. City of Wilmington Fire Dep't*, 478 F. Supp. 2d 635 (D. Del. 2007) (holding that plaintiff's claims of "disparate treatment in defendant's imposition of discipline, as well as 'hiring and promotional policies and practices' which have a disparate impact" are discrete acts that "cannot be aggregated under a continuing violations theory"). Accordingly, Plaintiff's allegations of conduct that occurred prior to December 31, 2010 are time-barred for purposes of establishing CEPA liability and shall be dismissed.

In addition, it is well-settled that individuals can only be held liable under CEPA if they are acting with their employer's consent or authorization. *See Ivan v. Cnty. of Middlesex*, 595 F. Supp.2d 425, 478 (D.N.J. 2009); *Palladino ex rel. United States v. VNA of S. N.J., Inc.*, 68 F.

15

Supp. 2d 455, 474 (D.N.J. 1999) ("CEPA creates individual liability for agents of the employer, including supervisory employees who act with the authorization of the employer."). Here, Plaintiff alleges that Defendants Kemler, Piotrowski, Schoellkopf, Taylor, Patukula, Werts, Nolan and Barton violated CEPA by taking retaliatory action against her. Beyond the vague and conclusory statement that each of these Defendants acted "under the color of state law," however, Plaintiff has not alleged any facts to support the conclusion that they acted with the consent or authorization of their employer. Accordingly, she has failed to state a CEPA claim against the individual Defendants and Count Five will be dismissed in its entirety as to these Defendants.

### B. The Mercer County Defendants' Motion to Dismiss

The Mercer County Defendants contend that claims against Defendant Andrew Mair should be dismissed because he cannot be held liable for Title VII or CEPA claims and because he is not a party to the collective bargaining agreement. They further assert that all claims against Defendant Mercer County should be dismissed because the County cannot be held liable for the actions of the Sheriff's Department or its employees. The Court finds that the claims against Defendants Mair and Mercer County fail as a matter of law.

#### 1. Claims Against Defendant Andrew Mair

The Mercer County Defendants contend that the only remaining claim against Defendant Andrew Mair – the breach of collective bargaining agreement claim – should be dismissed because he was not a party to the collective bargaining agreement and because the claim against Defendant Mair should be asserted against the Union, rather than Mr. Mair. As discussed above, a non-party to a contract cannot be held liable for the breach of that contract. *See Bathgate*, 27

F.3d at 876; *Figueroa*, 580 F. Supp. 2d at 408. Accordingly, Count Six shall be dismissed as to Defendant Mair.[6]

### 2. Claims Against Defendant Mercer County

The Mercer County Defendants move to dismiss the claims against Mercer County on several grounds. First, they contend that "the Plaintiff has failed to support each Count with factual allegations but rather does so in general and evasive terms." Next, they argue that the County cannot be held liable for the Sheriff Department's Actions because the Sheriff – not the County – has sole authority over its employment decisions. They further assert that the Title VII claim for gender discrimination should be dismissed since Plaintiff did not have leave of Court to add such a claim to her Complaint. For the reasons below, the Court finds that Plaintiff's claims fail as a matter of law and shall be dismissed.

Title VII requires that the entity being sued is an employer of the plaintiff. *See* 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an *employer*" to discriminate based on an individual's race, color, religion, sex or national origin) (emphasis added): *see also Walters v. Metro Educ. Enterprises, Inc.*, 519 U.S. 202, 205 (1997). Similarly, liability in an employment-based claim under the NJLAD and CEPA can only attach if an employer-employee relationship exists between the plaintiff and defendant. *See Chrisanthis v. Cnty. of Atlantic*, 361

---

[6] Plaintiff contends that this ruling is barred by the "law of the case" doctrine. Under that doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *see also In re Resyn Corp.*, 945 F.2d 1279, 1281 (3d Cir. 1991). However, the law of the case doctrine "does not apply where (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create a manifest injustice." *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998) (citing *Pub. Interest Research Grp.*, 158 F.3d at 116-17). In ruling on the previous Motion to Dismiss, the Court did not have a copy of the collective bargaining agreement, which makes clear that Defendant Mair is not a party to the agreement and therefore cannot be liable for breach as a matter of law. Accordingly, the Court finds that this new evidence is sufficient to reconsider its prior ruling.

17

N.J. Super. 448 (App. Div. 2003), *cert den.*, 178 N.J. 31 (2003) (explaining that NJLAD requires employer-employee relationship); *Feldman v. Hunterdon Radiological Assocs.*, 187 N.J. 228 (N.J. 2006) (comparing employer-employee relationship requirement of NJLAD and CEPA). When the entity sued by the plaintiff is not her employer, dismissal of these claims is appropriate. *See Ponton v. AFSCME*, 395 Fed. Appx. 867, 872 (3d Cir. 2010) (finding that the district court properly granted defendants' motion to dismiss as plaintiff "was never an employee of the federal agencies that he named to this suit"). "In order to determine whether a person is an employee for purposes of Title VII, the common law of agency and the traditional master-servant doctrine applies." *Prather v. Prudential Fox & Roach*, 326 Fed. Appx. 670, 672 (3d Cir. 2009).

Here, Plaintiff does not allege that Mercer County was her "employer" or that the County was responsible for promulgating any policy or making any decisions that purportedly led to a violation of her rights. Rather, she claims that Defendant Mercer County is a "policymaker[] for the County of Mercer" and that the Sheriff's Department was her "employer." And as a legal matter, the Sheriff's Department is the appointing authority and sole employer for the Sheriff's Office and its employees. *See CWA Locals 1040 and 1081 v. Treffinger*, 291 N.J. Super. 336, 351 (1996) (finding that the Sheriff, not the County, is the exclusive employer and hiring authority for the Sheriff's office); *Prunetti v. Mercer Cnty. Bd. of Chosen Freeholders*, 350 N.J. Super. 72, 116 (Law Div. 2011) (holding that the Sheriff has authority regarding non-economic terms of employment). Accordingly, the Court finds that Mercer County is not an employer for purposes of Title VII, NJLAD or CEPA and cannot be held liable under these statutes for acts committed by the Sheriff's Department employees.

With respect to claim for breach of contract, the Court finds that Plaintiff's allegations are insufficient to state a claim against Mercer County for breach of the collective bargaining

18

agreement. Plaintiff's main allegation is that Defendants failed to proceed to the second step of the grievance process. However, a review of the collective bargaining agreement makes clear that any such obligation applied only to the P.B.A. Local 187 Labor Union, not to any other Defendants. Thus, to the extent Plaintiff has a claim for breach of the collective bargaining agreement based on the failure to proceed to the second step of the grievance process, it lies against the Union, not Mercer County.[7] Plaintiff further alleges that Defendant Piotrowski ordered Defendant Nolan to interrogate Plaintiff in violation of the terms of the collective bargaining agreement. However, as discussed above, Mercer County is not an employer of the individual Sheriff Defendants for purposes of imposing *respondeat superior* liability in this case. *See Treffinger*, 291 N.J. Super. at 351.

Finally, as discussed *supra*, Plaintiff has no property right to training opportunities and therefore, has failed to state a claim for violation of § 1983. Accordingly, the Amended Complaint is dismissed as to Defendant Mercer County.

## IV.    Conclusion

For the foregoing reasons, the Plaintiff has failed to state a claim against Defendants Andrew Mair and Mercer County and their Motion to dismiss will be granted with prejudice. Count Seven from the original Complaint (the emotional distress claim) will also be dismissed with prejudice as to all Defendants since Plaintiff has abandoned that claim.

The Sheriff Defendants' Motion to Dismiss shall be granted in part and denied in part. Plaintiff has failed to state a claim against Defendant John Kemler and he is dismissed with prejudice. Count Three will be dismissed as to all Defendants with prejudice. Count Four will be dismissed as to all Defendants without prejudice. Plaintiff's allegations of CEPA violations

---

[7] Plaintiff amended her Complaint to add the P.B.A. Local 187 Labor Union as a Defendant. The Union has not yet appeared in this case.

that occurred prior to December 31, 2010 will be dismissed as to all Defendants. In addition, Count Five will be dismissed in its entirety as to Defendants Richard Piotrowski, Scott Schoellkopf, Darryl Taylor, Donald Patukula, Charles Werts, Carol Nolan and Seth Barton. Count Six will be dismissed as to the Sheriff Defendants. Count Eight will be dismissed as to Defendants Richard Piotrowski, Scott Schoellkopf, Darryl Taylor, Donald Patukula, Charles Werts, Carol Nolan and Seth Barton. An appropriate Order follows.

                                                        /s/ Joel A. Pisano
                                                        JOEL A. PISANO. U.S.D.J.

Dated: February 28, 2013