NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLORIA ANDERSON., | : |
| Plaintiff, | : Civil Action No. 11-cv-7620 (JAP) |
| v. | : **OPINION** |
| THE MERCER COUNTY SHERIFF'S DEPT., *et al.*, | : |
| Defendants. | : |

PISANO, District Judge

Presently before the Court are two motions. The first is Plaintiff Gloria Anderson's ("Plaintiff") Motion for Default Judgment against Defendant Policemen's Benevolent Association Local 187 ("Defendant" or "PBA 187") [docket # 53]. The second is a Cross Motion to Set Aside Default by Defendant [docket # 60]. The Court has considered the parties' submissions and decided the matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's Motion for Default Judgment is DENIED and Defendant's Cross Motion to Set Aside Default is GRANTED.

I.  BACKGROUND

   A.  **Brief Factual Background**

*Pro se* Plaintiff, Gloria Anderson, is an African-American female currently employed as a Sheriff's Officer with the Mercer County Sheriff's Department ("MCSD"). As an employee of MCSD, Plaintiff is a member of the Policemen's Benevolent Association Local 187 (PBA 187)

1

labor union. Plaintiff contends that she has been the victim of racial discrimination and retaliation in connection with her employment, and her Complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, the New Jersey Law Against Discrimination, and the New Jersey Conscientious Employee Protection Act.

According to Plaintiff, on or about September 29, 2009, she was "insulted" by a fellow officer who "call[ed] her an offensive name in a disdainful and demeaning manner" in the presence of other MCSD officers. Plaintiff claims she reported the reported the incident to supervisors and requested an investigation be conducted, but no investigation ever took place. Plaintiff further alleges that in retaliation for reporting discrimination and filing complaints, she was transferred from her long-term assignment with the Child Support Hearing Officers while other officers with less seniority were allowed to remain in their positions.

In January 2010, Plaintiff filed a grievance against MCSD asserting that her transfer was "discriminatory and retaliatory" and that MCSD's "unequal and unfair employment practices regarding assignments and overtime were also discriminatory." Plaintiff claims that when her grievance was denied, she requested a hearing to move to the second phase of the grievance process. After requesting a hearing, Plaintiff alleges that Andrew Mair, the Mercer County Administrator in charge of administering the grievance procedures between the County and Local PBA members, wrote a letter to the President of Plaintiff's Union, PBA Local 187, stating that a hearing would be scheduled for the second step of Plaintiff's grievance. Plaintiff claims that her attempts to proceed to the second step of the grievance process "were thwarted by the Defendant Andrew Mair and the County of Mercer," by their "refus[al] to acknowledge or continue the [grievance] process."

According to Plaintiff, PBA 187 President, John Mendez, refused to file a complaint against Andrew Mair, the County of Mercer, and the Mercer County Sheriff's Department for "breach of collective bargaining agreement." Plaintiff further alleges that John Mendez and PBA 187 union officials "behaved in a hostile and discriminatory manner towards Plaintiff by failing to represent her and threatening to testify against her in any action that her employers wanted to arbitrarily bring against her."[1]

### B.   Procedural History

Plaintiff initiated this action by filing the Complaint in December 2011 naming several defendants, including the Mercer County Sheriff's Department and several individual officers. Defendant PBA 187 was not named as a defendant in Plaintiff's original complaint. By way of Order dated June 15, 2012, the Court dismissed several of Plaintiff's claims and granted Plaintiff leave to amend the Complaint. On July 15, 2012, Plaintiff filed an Amended Complaint, alleging that PBA 187, a newly added defendant, violated the Labor Management Relations Act by refusing to continue with the grievance process, thereby breaching its duty of fair representation.

On August 13, 2012, Plaintiff filed an Affidavit of Service [docket # 29], stating that the Amended Complaint had been served on PBA 187. However, the affidavit indicates that the Amended Complaint was served at an address not belonging to Defendant PBA 187.[2] On August 17, 2012, Plaintiff filed a Certification of Service [docket # 31], which lists the correct address for PBA 187 and states that the Amended Complaint was served on PBA 187 by way of regular mail. On March 28, 2013, Plaintiff filed a Request for Default against PBA 187 [docket # 44], alleging their failure to respond to the Amended Complaint. On the same day, Plaintiff was

---

[1] Plaintiff makes further allegations against MCSD and individual officers, which are outside the scope of the pending motions and have been omitted from this Opinion.
[2] The address listed on Plaintiff's Affidavit of Service is "158 Main Street, Woodbridge, New Jersey," and belongs to the New Jersey State Policemen's Benevolent Association, which is a separate organization from Defendant PBA 187.

advised by the Clerk's Office that her Request for Default could not be granted because no summons was ever issued for PBA 187. On April 9, 2013, Plaintiff submitted a letter to the Court contesting the denial of default and again requesting the entry of default against PBA 187. [docket # 47]. Plaintiff was again advised by the Clerk's Office that default could not be entered because no summons was ever issued for PBA 187.

On April 10, 2013, a summons was issued for PBA 187 by the Clerk's Office. On June 10, 2013, Plaintiff filed a Request for Default and Motion for Default Judgment against PBA 187 with an attached Affidavit of Service [docket # 53], and default was entered as to PBA 187. Plaintiff's affidavit states that "[a] copy of the amended complaint was most recently served on the Defendants P.B.A. Local 187" on April 25, 2013 by way of priority mail to PBA 187's P.O. Box. Plaintiff also states that the amended complaint was served again on April 29, 2013. However, Plaintiff's affidavit indicates that the amended complaint was served on April 29, 2013, was delivered to an address not belonging to Defendant PBA 187.[3] According to PBA 187 and uncontested by Plaintiff, the Amended Complaint served by priority mail on April 25, 2013, was not accompanied by a Summons. PBA 187 filed the current motion to set aside default with the Court on June 26, 2013.

## II.     DISCUSSION

The entry of default and default judgment is governed by Federal Rule of Civil Procedure 55. Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to set aside an entry of default rests within the court's discretion, and courts generally disfavor entry of default judgment.[4] *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244-45 (3d Cir. 1951). In exercising its discretion to vacate the entry of default, the

---

[3] The complaint was served by delivery to the New Jersey State Policemen's Benevolent Association.
[4] "Any doubt should be resolved in favor of the petition to set aside the [default] judgment so that cases may be decided on the merits." *Medunic v. Lederer,* 533 F.2d 891, 894 (3d Cir. 1976).

4

Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was a result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.,* 756 F.2d 14, 19 (3d Cir. 1985). However, an entry of default may be set aside by the court without consideration of these factors if the default was improperly entered.[5] *Id.*

The entry of default "when there has been no proper service of the complaint is, *a fortiori* void, and should be set aside." *Id.*; *see also Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 493 (3d Cir. 1993) (holding that a default will be set aside if it was not properly entered). Pursuant to Federal Rule of Civil Procedure 4, the Clerk of the Court must issue a summons as to the defendant and the plaintiff must then serve the summons with a copy of the complaint on the defendant.[6] Plaintiffs bear the burden of proving sufficient service of process, and when a plaintiff fails to properly serve a defendant with a summons and a complaint in accordance with Rule 4, a default cannot stand and must be vacated. *See Grand Entm't Group,* 988 F.2d 476 at 493.

Defendant PBA 187 contends that the entry of default was improper, and therefore, must be vacated because Plaintiff improperly served the Amended Complaint by failing to include a Summons, as required by Federal Rule of Civil Procedure 4. As stated above, Plaintiff bears the burden of establishing sufficient service of process. *Grand Entm't Group,* 988 F.2d 476 at 488. Here, the Court finds that Plaintiff has failed to establish that Defendant PBA 187 was properly served with a Summons and Complaint. To date, Plaintiff has made three requests for the entry of default against PBA 187. Plaintiff's first two requests for the entry of default were made before a Summons had been issued for PBA 187. Plaintiff's third request for the entry of default

---

[5] "It is not necessary for us to resort to an analysis of [the] factors . . . because they only apply when the default judgment was authorized." *Gold Kist,* 756 F.2d 14 at 19.
[6] "A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c).

was made after a Summons had been issued for PBA 187. However, the Affidavit of Service accompanying Plaintiff's request for the entry of default states only that a copy of the Amended Complaint was served on Defendant PBA 187 and bears no indication that a Summons was also served.

The Court finds that the entry of default was improper because service had not been technically effectuated at the time default was entered. Plaintiff has failed to establish proper delivery of the Summons to Defendant PBA 187, rendering service invalid and improper. Based on Plaintiff's insufficient service, the Court finds that default was improperly entered and is therefore void. Thus, the entry of default against PBA 187 should be set aside without a consideration of the factors outlined in *Gold Kist*. *See Gold Kist,* 756 F.2d 14 at 19 (holding that the factors need only be addressed when the entry of default was authorized). Accordingly, Plaintiff's Motion for Default Judgment is DENIED and Defendant's Cross Motion to Set Aside Default is GRANTED.

### III.   CONCLUSION

For the foregoing reasons, this Court DENIES Plaintiff's Motion for Default Judgment and GRANTS Defendant's Cross Motion to Set Aside Default. An appropriate Order accompanies this opinion.

Date:  October 17, 2013                                                    /s/ Joel A. Pisano
                                                                                                                JOEL A. PISANO
                                                                                                                United States District Judge