NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLORIA ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>THE MERCER COUNTY<br>SHERIFF'S DEPT., *et al.*,<br><br>    Defendants. | Civil Action No. 11-cv-7620 (JAP)<br><br>**OPINION** |

PISANO, District Judge

Presently before the Court is Defendant PBA 187's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(5) [docket # 76] and Plaintiff's Cross-Motion to Disqualify Counsel [docket # 79]. For the reasons set forth below, Defendant PBA 187's Motion to Dismiss [docket # 76] is DENIED without prejudice and Plaintiff's Motion to Disqualify Counsel [docket # 79] is DENIED.

I.     BACKGROUND

*Pro se* Plaintiff, Gloria Anderson, is an African-American female currently employed as a Sheriff's Officer with the Mercer County Sheriff's Department ("MCSD"). As an employee of MCSD, Plaintiff is a member of the Policemen's Benevolent Association Local 187 (PBA 187) labor union. Plaintiff contends that she has been the victim of racial discrimination and retaliation in connection with her employment, and her Complaint alleges violations of Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 1983, the New Jersey Law Against Discrimination, and the New Jersey Conscientious Employee Protection Act.

According to Plaintiff, on or about September 29, 2009, she was "insulted" by a fellow officer who "call[ed] her an offensive name in a disdainful and demeaning manner" in the presence of other MCSD officers. Plaintiff claims she reported the reported the incident to supervisors and requested an investigation be conducted, but no investigation ever took place. Plaintiff further alleges that in retaliation for reporting discrimination and filing complaints, she was transferred from her long-term assignment with the Child Support Hearing Officers while other officers with less seniority were allowed to remain in their positions.

In January 2010, Plaintiff filed a grievance against MCSD asserting that her transfer was "discriminatory and retaliatory" and that MCSD's "unequal and unfair employment practices regarding assignments and overtime were also discriminatory." Plaintiff claims that when her grievance was denied, she requested a hearing to move to the second phase of the grievance process. After requesting a hearing, Plaintiff alleges that Andrew Mair, the Mercer County Administrator in charge of administering the grievance procedures between the County and Local PBA members, wrote a letter to the President of Plaintiff's Union, PBA Local 187, stating that a hearing would be scheduled for the second step of Plaintiff's grievance. Plaintiff claims that her attempts to proceed to the second step of the grievance process "were thwarted by the Defendant Andrew Mair and the County of Mercer," by their "refus[al] to acknowledge or continue the [grievance] process."

According to Plaintiff, PBA 187 President, John Mendez, refused to file a complaint against Andrew Mair, the County of Mercer, and the Mercer County Sheriff's Department for "breach of collective bargaining agreement." Plaintiff further alleges that John Mendez and PBA

187 union officials "behaved in a hostile and discriminatory manner towards Plaintiff by failing to represent her and threatening to testify against her in any action that her employers wanted to arbitrarily bring against her."[1]

### A. Defendant PBA 187's Motion to Dismiss

Plaintiff initiated this action by filing the Complaint in December 2011 naming several defendants, including the Mercer County Sheriff's Department and several individual officers. Defendant PBA 187 was not named as a defendant in Plaintiff's original complaint. By way of Order dated June 15, 2012, the Court dismissed several of Plaintiff's claims and granted Plaintiff leave to amend the Complaint. On July 15, 2012, Plaintiff filed an Amended Complaint, alleging that PBA 187, a newly added defendant, violated the Labor Management Relations Act by refusing to continue with the grievance process, thereby breaching its duty of fair representation.

On August 13, 2012, Plaintiff filed an Affidavit of Service [docket # 29], stating that the Amended Complaint had been served on PBA 187. However, the affidavit indicates that the Amended Complaint was served at an address not belonging to Defendant PBA 187.[2] On August 17, 2012, Plaintiff filed a Certification of Service [docket # 31], which lists the correct address for PBA 187 and states that the Amended Complaint was served on PBA 187 by way of regular mail. On March 28, 2013, Plaintiff filed a Request for Default against PBA 187 [docket # 44], alleging their failure to respond to the Amended Complaint. On the same day, Plaintiff was advised by the Clerk's Office that her Request for Default could not be granted because no summons was ever issued for PBA 187. On April 9, 2013, Plaintiff submitted a letter to the Court contesting the denial of default and again requesting the entry of default against PBA 187.

---

[1] Plaintiff makes further allegations against MCSD and individual officers, which are outside the scope of the pending motions and have been omitted from this Opinion.
[2] The address listed on Plaintiff's Affidavit of Service is "158 Main Street, Woodbridge, New Jersey," and belongs to the New Jersey State Policemen's Benevolent Association, which is a separate organization from Defendant PBA 187.

3

[docket # 47]. Plaintiff was again advised by the Clerk's Office that default could not be entered because no summons was ever issued for PBA 187.

On April 10, 2013, a summons was issued for PBA 187 by the Clerk's Office. On June 10, 2013, Plaintiff filed a Request for Default and Motion for Default Judgment against PBA 187 with an attached Affidavit of Service [docket # 53], and default was entered as to PBA 187. Plaintiff's affidavit states that "[a] copy of the amended complaint was most recently served on the Defendants P.B.A. Local 187" on April 25, 2013 by way of priority mail to PBA 187's P.O. Box. Plaintiff also states that the Amended Complaint was served again on April 29, 2013. However, Plaintiff's affidavit indicates that the Amended Complaint served on April 29, 2013, was delivered to an address not belonging to Defendant PBA 187.[3] According to PBA 187 and uncontested by Plaintiff, the Amended Complaint served by priority mail on April 25, 2013, was not accompanied by a Summons. On June 26, 2013, PBA 187 filed a motion to set aside default, which the Court granted finding that default was improperly entered because Plaintiff failed to serve PBA 187 in accordance with Federal Rule of Civil Procedure 4. [docket # 74]. PBA 187 filed the present motion to dismiss Plaintiff's Amended Complaint for: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) insufficient process; and (4) insufficient service of process on October 21, 2013. [docket # 76].

### B. Plaintiff's Motion to Disqualify Counsel

Plaintiff seeks to disqualify Frank M. Crivelli and the firm of Pelletteri, Rabstien & Altman, who have served as labor counsel for PBA 186 since 2008. Plaintiff claims that because she is a member of PBA 187, Mr. Crivelli's representation of PBA 187 in Plaintiff's action against it creates a conflict of interest based on Mr. Crivelli's alleged concurrent representation of the adverse interests of both Plaintiff and PBA 187. According to Plaintiff, Mr. Crivelli first

---

[3] The complaint was served by delivery to the New Jersey State Policemen's Benevolent Association.

4

became involved in the present action after the first step in Plaintiff's grievance process was denied and Plaintiff requested a hearing and to move to the second phase of the grievance process. Plaintiff claims that on February 1, 2010, the Union President, Vincent Piscotta requested a hearing to allow Plaintiff to proceed to the second phase of the grievance process. However, according to Plaintiff, after requesting a hearing for Plaintiff, Mr. Piscotta contacted the union attorney, Mr. Crivelli, and requested that counsel intervene, at which point Plaintiff alleges Mr. Crivelli advised Mr. Piscotta against further pursuing the matter. Subsequently, on September 6, 2013, Plaintiff claims she received a letter from Mr. Crivelli indicating that any disputes between Plaintiff and PBA 187 should be communicated through Mr. Crivelli's office.

## II. DISCUSSION

### A. Service of Process Under Federal Rule of Civil Procedure 4

Federal Rule of Civil Procedure 4 governs service of process, the purpose of which is to ensure that a party received notice of the lawsuit. When a Plaintiff fails to serve a defendant with a summons and a complaint in accordance with Rule 4, the action may be dismissed under Rule 12(b)(2) for lack of personal jurisdiction or under Rule 12(b)(5) for insufficient service of process. Plaintiff, the party responsible for effective service, bears the burden of proving sufficient service of process. *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 488 (3d Cir. 1993). Under Rule 4, "[a] summons must be served with a copy of the complaint" and among the other requirements of Rule 4, the summons must be: (1) directed to the defendant; (2) be signed by the clerk; and (3) bear the court's seal. Fed. R. Civ. P. 4(a)-(c).

"A plaintiff to a civil action in federal court must complete service of his complaint within 120 days of filing or within a period prescribed by the District Court. If the plaintiff fails to complete service within the specified time, Rule 4(m) requires the District Court to determine

whether the plaintiff has shown good cause for the failure." *Mathies v. Silver,* 450 F. App'x 219, 221 (3d Cir. 2011). "If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend the time for service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3d Cir. 1995).

The Third Circuit has equated "good cause" with the concept of "excusable neglect" of Rule 6(b)(2), which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rule." *MCI Telecom. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995). There are three factors courts consider in determining whether to grant an extension for good cause. The first factor is whether the plaintiff undertook reasonable efforts in attempting service of process. *Id.* Here, Plaintiff has attempted to serve PBA 187 on four separate occasions, with Plaintiff's first attempt falling less than 30 days after filing the Amended Complaint adding PBA 187 as a defendant. Although Plaintiff has failed to properly serve PBA 187, she has made diligent efforts to do so.

The second factor in the good cause analysis is prejudice to the defendant due to lack of timely service. *Id*. Defendant PBA 187 is not prejudiced in the present case because although Plaintiff's first attempt at service was delivered to the incorrect address, the Amended Complaint was sent the correct address on August 15, 2012, and PBA 187, from the outset, had actual notice of the case. *Dominic v. Hess Oil V.I. Corp.,* 841 F.2d 513, 517 (3d Cir. 1988) (holding that a defendant with actual notice of the claims and underlying facts and legal theories "cannot complain of undue prejudice"). Plaintiff mailed copies of the Amended Complaint and various

litigation papers to PBA 187 on several occasions and although no summons accompanied the Amended Complaint, PBA 187 was aware of the pending action.

The third factor in analyzing good cause is whether the plaintiff moved for an enlargement of time to serve. *MCI Telecomms. Corp.,* 71 F.3d at 1097. In the present case, Plaintiff has not moved for an extension. However, Plaintiff presumably did not believe it necessary to request an extension, especially given the Clerk of the Court's entry of default against PBA 187 on June 10, 2013.

Upon consideration of these three factors, the Court finds that Plaintiff made a good faith, diligent effort to effect service of process of PBA 187. However, Plaintiff's attempts at service failed to comply with Rule 4, and while the Court is mindful of Plaintiff's *pro se* status, *pro se* litigants are not excused from complying with the Federal Rules of Civil Procedure governing service of process. *See Sykes v. Blockbuster Video,* 205 F. App'x 961, 963 (3d Cir. 2006) (holding that a *pro se* plaintiff's "ignorance of the rules would not provide good cause to excuse his failure to serve the defendants within the time allotted under the rules.") *see also Veal v. United States,* 84 F. App'x 253, 256 (3d Cir. 2004) (failure to read or understand Rule 4 does not constitute good cause).

In the absence of good cause, a court has broad discretion to extend the time for service. *Petrucelli,* 46 F.3d at 1305. There are a number of relevant factors to consider: (1) actual notice of the legal action; (2) prejudice to the defendant; (3) the statute of limitations; (4) the conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other additional factors. *See Chiang v. United States SBA,* 331 Fed. Appx. 113, 116 (3d Cir. 2009) (citations omitted). A court considers these factors in light of the Third Circuit's "preference that a cases

be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.,* 732 F.2d 1178, 1181 (3d Cir. 1984).

Upon consideration of the foregoing factors, this Court elects to exercise its discretion and extend the time for service in this matter. Although Plaintiff's *pro se* status does not protect her from dismissal, the Court is mindful of Plaintiff's efforts to serve PBA 187 within the 120 day requirement, albeit imperfectly. The Court finds that practicality and judicial economy would be best served by permitting Plaintiff to prosecute this action, instead of an outright dismissal of the Complaint. A dismissal would require *pro se* Plaintiff to refile the action in a timely manner within a fairly short period of time and in addition to properly serve the defendant the summons and complaint. Accordingly, the Court grants Plaintiff a forty-five (45) day extension within which to serve PBA 187 in accordance with the Federal Rules. If Plaintiff fails to properly effectuate service within this period, PBA 187 may apply to this Court for a dismissal of the action pursuant to Rule 4(m). Based on the foregoing, PBA 187's Motion to Dismiss is denied.

### B. Disqualification of Counsel

When making a motion to disqualify counsel, the "party seeking to disqualify counsel carries a heavy burden and must satisfy a high standard of proof." *Essex Chem. Corp. v. Hartford Accident & Indem. Co.,* 993 F. Supp. 241, 246 (D.N.J. 1998). "Motions to disqualify are viewed with disfavor as disqualification is a drastic remedy with often far-reaching, sometimes devastating implications." *Id.* Courts should therefore "hesitate to impose [disqualification] except when absolutely necessary." *Carlyle Towers Condo. Ass'n, Inc. v. Crossland Savings, FBS,* 944 F. Supp. 341, 345 (D.N.J. 1996). Accordingly, in determining whether to disqualify

counsel, a court must closely and carefully scrutinize the facts of each case to prevent unjust results. *See Montgomery Acad. V. Kohn,* 50 F. Supp. 2d 344, 349 (D.N.J. 1999).

"[T]he court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." *United States v. Miller,* 624 F.2d 1198, 1201 (3d Cir. 1980). The court "should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions." *Id.*

Plaintiff's arguments for disqualification arise under RPC 1.7 and 1.13, which govern concurrent conflicts of interest and the representation of organizational clients. Under RPC 1.13, a "lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." RPC 1.13(a). "A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholder or other constituents" unless the representation involves a concurrent conflict of interest. RPC 1.13(g), 1.7. A concurrent conflict of interest arises where: (1) "the representation of one client will be directly adverse to another client"; or (2) "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client . . ." RPC 1.7.

According to Plaintiff, Mr. Crivelli's representation of Defendant PBA 187 in this matter creates "an actual conflict of interest" because Mr. Crivelli represented PBA 187 at the time Plaintiff filed her initial grievance and continues to represent PBA 187 in this action while also representing PBA 187 "in all matters involving the union and its members which include the Plaintiff." Plaintiff claims that Mr. Crivelli's representation of PBA 187 "materially limits his responsibilities to the Plaintiff in his capacity as the [PBA 187] attorney." In support of her

9

motion to disqualify, Plaintiff alleges that her inquires to union management are directed to Mr. Crivelli and that her dues paid to PBA 187 as a union member are used to pay "a portion of the retainer to Mr. Crivelli . . . to defend against [Plaintiff' in this lawsuit . . . yet Plaintiff receives no benefit from those same dues as a member of [PBA 187]."

Although Plaintiff argues that Mr. Crivelli is concurrently representing Plaintiff and Defendant PBA 187, the supporting evidence submitted by Plaintiff directs the Court to the opposite conclusion. According to Plaintiff, she was told by Mr. Crivelli to channel any disputes with PBA 187 through Mr. Crivelli as PBA 187's counsel, and there is no indication that Mr. Crivelli ever purported to represent Plaintiff or that Plaintiff believed her interests were represented by Mr. Crivelli prior to or during the present case. Plaintiff cites no law in support of her contention that any attorney-client relationship exists between Plaintiff and Mr. Crivelli simply by virtue of Mr. Crivelli's representation of PBA 187, a union of which Plaintiff is a member. The Court, finding no evidence or law to support Plaintiff's contention, declines to grant Plaintiff's motion to disqualify Mr. Crivelli as counsel for PBA 187.

### III.   CONCLUSION

For the foregoing reasons, Defendant PBA 187's Motion to Dismiss [docket # 76] is DENIED without prejudice and Plaintiff's Cross-Motion to Disqualify Counsel [docket # 79] is DENIED. The Court shall grant Plaintiff forty-five (45) days from the entry of the Order accompanying this Opinion to properly serve Defendant PBA 187 with the Amended Complaint and Summons in accordance with Federal Rule of Civil Procedure 4. An appropriate Order accompanies this Opinion.

Date:  May 27, 2014                                          /s/ Joel A. Pisano
                                                                       JOEL A. PISANO
                                                                       United States District Judge