NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                       :
GLORIA ANDERSON,                       :
                                       :
    Plaintiff,                         :
                                       :   Civil Action No. 11-7620 (JAP) (TJB)
    v.                                 :
                                       :   **OPINION**
THE MERCER COUNTY SHERIFF'S            :
DEPARTMENT, et al.,                    :
                                       :
    Defendants.                        :
_____:

PISANO, District Judge.

*Pro se* Plaintiff, Gloria Anderson, is an African-American female currently employed as a Sheriff's Officer with the Mercer County Sheriff's Department. Plaintiff contends that she has been the victim of racial discrimination and retaliation in connection with her employment, and has brought this action asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, the New Jersey Law Against Discrimination, and the New Jersey Conscientious Employee Protection Act. Before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) brought by Defendant Policemen's Benevolent Association Local 187. For the reasons set forth below, Defendant's motion is granted.

**I.    Background**

*Pro se* Plaintiff Gloria Anderson has worked as a Sheriff's Officer with the Mercer County Sheriff's Department ("MCSD") since about 1992. Throughout her employment, Plaintiff has maintained an exemplary work record. As an employee of MCSD, Plaintiff is a member of the Policemen's Benevolent Association Local 187 ("Local 187").

1

As is relevant to this pending motion,[1] Plaintiff filed a grievance against MCSD in January 2010, in which she alleged that her recent assignment transfer from her long-term assignment with the Child Support Hearing Officers to the criminal courthouse in Trenton was "discriminatory and retaliatory," and that MCSD's "unequal and unfair employment practices regarding assignments and overtime were also discriminatory." *See* Am. Compl. ¶¶ 22, 27–28. Plaintiff's grievance was denied. She then requested a hearing to move to the second phase of the grievance process. Plaintiff alleges that Andrew Mair, the Mercer County Administrator in charge of administering the grievance process between the County and Local PBA members, wrote a letter to the President of Local 187, stating that such hearing would be scheduled. As of the date of the Amended Complaint, no hearing for the second step of the grievance had been scheduled, and Plaintiff alleges that her attempts to proceed with the grievance were thwarted by Mair and by the County.

Plaintiff alleges that John Mendez, President of Local 187, refused to file a complaint against Mair and/or the County of Mercer and/or the MCSD for breach of the collective bargaining agreement. She alleges that Mendez and other Local 187 officials "behaved in a hostile and discriminatory manner . . . by failing to represent her and threatening to testify against her in any action that her employers wanted to arbitrarily bring against her." Am. Compl. ¶ 35. Plaintiff alleges that Local 187 has breached its duty of fair representation by refusing to continue the grievance procedure, thereby violating § 301 of the Labor Management Relations Act ("LMRA"), 29 U. S. C. § 185.

---

[1] Plaintiff makes further allegations against MCSD and individual officers, which are outside the scope of the pending motions and have been omitted from this Opinion.

2

## II.   Standard of Review

It is well-established that federal courts are courts of limited jurisdiction, and that "[t]he limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *see* U.S. Const. art. III, § 2.  If a district court lacks subject matter jurisdiction, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1).  *See* Fed. R. Civ. P. 12(b)(1).  In evaluating a Rule 12(b)(1) motion to dismiss, the court must determine whether the motion attacks the complaint as deficient on its face, or whether the motion attacks the existence of subject matter jurisdiction in fact, apart from any pleadings.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In cases like this, where Defendant Local 187 present a facial challenge to the Court's subject matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

## III.   Discussion

Plaintiff initially named Local 187 as a defendant in this case in her Amended Complaint, in which she claims that Local 187 failed to provide fair and adequate representation pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.  After Plaintiff attempted to serve Local 187, Local 187 entered an appearance and moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(5).  In its Opinion, this Court agreed with Local 187 that it had been inappropriately served; however, the Court denied the motion to dismiss, and instead—considering Plaintiff's *pro se* status—granted Plaintiff an additional forty-five days to serve Local 187 in accordance with Federal Rule of Civil Procedure

4. Because Defendant Local 187 was not yet appropriately served, the Court declined to reach the other dismissal arguments raised by Local 187, including a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

On or about July 7, 2014, Plaintiff appropriately served Local 187. Local 187 then brought the current motion, in which it argues that Plaintiff's claim against it, brought pursuant to the LMRA, must be dismissed because the Court lacks subject matter jurisdiction over it. Specifically, Local 187 argues that, as a public employee of New Jersey, Plaintiff's claim is only cognizable before the Public Employment Relations Commission ("PERC"). Plaintiff opposes this motion, and argues that she has brought a "hybrid" claim under 29 U.S.C. § 185. Because federal district courts have exclusive jurisdiction over such claims, she argues that jurisdiction is appropriate in this Court.

Plaintiff is correct in her assertion that this Court is vested with jurisdiction to adjudicate claims brought pursuant to Section 301 of the LMRA. Section 301 provides in relevant part that:

> (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
>
> (b) Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States.

29 U.S.C. § 185 (a) and (b). However, a plaintiff first must demonstrate that he or she is a part of an employer-employee relationship as defined under the LMRA in order to bring a successful claim pursuant to § 185. *See Stinson v. Delaware River Port Auth.*, 935 F. Supp. 531, 537 (D.N.J. 1996), *aff'd*, 124 F.3d 188 (3d Cir. 1997); *see also Felice v. Sever*, 985 F.2d 1221, 1226–

27 (3d Cir. 1993); *Manfredi v. Hazleton City Auth., Water Dep't*, 793 F.2d 101, 103 (3d Cir. 1986); *Veatch v. Allegheny Cnty. Bureau of Corr.*, 282 F. App'x 159, 160 (3d Cir. 2008); *Int'l Union of Operating Eng'rs, Local 542 v. Del. River & Bay Auth.*, Civil No. 13-3204 (RBK/JS), 2014 U.S. Dist. LEXIS 64879, *7–8 (D.N.J. May 12, 2014).  Under the LMRA, an employer is defined as including "any person acting as an agent of an employer, directly or indirectly, but shall not include the United States . . . **or any State or political subdivision thereof** . . . ." 29 U.S.C. § 152(a)(2) (emphasis added).   Therefore, employees of state organizations or their political subdivisions cannot bring claims under Section 301 for breach of the duty of fair representation because such entities fall outside the definition of "employer" under the LMRA.

Here, Plaintiff purports to bring a "hybrid" claim in which her unfair representation claim is based on Local 187's failure to pursue a grievance on behalf of Plaintiff.  Plaintiff's allegations, however, stem from her employment with the MCSD, a political subdivision of the State.  *See, e.g.*, *Lopresti v. County of Lehigh*, 572 F. App'x 133, 135 n.2 (3d Cir. 2014) (explaining counties are "political subdivisions" of a state, and therefore do not qualify as "employers" under the LMRA) (citing *Felice*, 985 F.2d at 1226–27; *Manfredi*, 793 F.2d 101)); *see also NLRB v. Natural Gas Util. Dist.*, 402 U.S. 600, 605–09 (1971) (defining a political subdivision).   As a political subdivision of the State, the MCSD is not an "employer" under the LMRA.  Therefore, because a political subdivision is a party to the collective bargaining agreement, the Court lacks subject matter jurisdiction to hear Plaintiff's cause of action brought under Section 301 of the LMRA.[2]  *See Kelly v. Simpson*, Civ. No. 13-03397, 2013 U.S. Dist. LEXIS 154141, at *6 (D.N.J. Oct. 28, 2013).

---

[2] As the Third Circuit has explained, "the absence of federal jurisdiction over the [hybrid] claim against the employer necessarily means there is no basis for federal jurisdiction over the employee's unfair representation claim." *Felice*, 985 F.2d at 1227 (citing *Crilly v. Southeastern Pa. Transp. Auth.*, 529 F.2d 1355, 1363 (3d Cir. 1976)).

## IV. Conclusion

For the foregoing reasons, Defendant Local 187's Motion to Dismiss must be granted. Accordingly, Plaintiff's claims brought in Counts Six and Seven against Local 187 are dismissed. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: January 29, 2015